IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **MATTHEW C. TAYLOR,**<br><br>        Plaintiff,<br><br>   v.<br><br>**NORFOLK SOUTHERN RAILWAY COMPANY,**<br><br>        Defendant. | **JURY TRIAL DEMANDED**<br><br>Case No. 3:22-cv-02893-SAL |

## COMPLAINT

### INTRODUCTION

This action is brought under the Federal Employers Liability Act (45 U.S.C. § 51). Plaintiff alleges he was required to work on a dangerous walkway on the "R" mainline in Lexington County and injured his knee as a result.

### COMPLAINT FOR DAMAGES

Plaintiff MATTHEW TAYLOR (hereinafter "Plaintiff" or "Taylor") files this Complaint for Damages against Defendant Norfolk Southern Railway Company (hereinafter "Defendant" or "NSRC"), as follows:

### PARTIES AND JURISDICTION

1.

NSRC is a foreign railroad corporation incorporated in a state other than South Carolina with its principal place of business in Atlanta, Georgia, is the cause of the incident which is the subject of this action, and is liable to Plaintiff.

1

2.

NSRC may be served with Summons and Complaint as allowed by law, including by serving its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

3.

At all times relevant to this action, Defendant was a common carrier by railroad engaged in the business of operating a railroad in furtherance of interstate commerce or directly or closely and substantially affecting interstate commerce.

4.

At all times relevant to this action, Plaintiff was employed by the Defendant, and his duties were in furtherance of interstate commerce or, in any way directly or closely and substantially affected interstate commerce.

5.

This action is brought under and by virtue of the provisions of the Federal Employers Liability Act, 45 U.S.C. § 51.

6.

NSRC is subject to the jurisdiction of this Court by virtue of the Federal Employers Liability Act. 45 U.S.C. § 51 *et. seq.* Jurisdiction is also proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.

7.

Venue in this division of this Court is proper pursuant to under 28 U.S.C. § 1391 because the incident forming the basis of this action occurred in Lexington County, South Carolina which

is within the Columbia Division of the United States District Court for the District of South Carolina.

**OPERATIVE FACTS**

8.

On February 1, 2022, the Plaintiff, Matthew Taylor, was injured while acting within the scope of his employment as a conductor with Defendant, which duties were related and necessary to and substantially affected the conduct of interstate commerce by Defendant.

9.

On February 1, 2022, Plaintiff was caused to be injured because of the negligence of Defendant and its agents and because of the wrongful conduct of Defendant and its agents in providing Plaintiff with unsafe walkways and defective ballast at Defendant's railroad, in particular the "R" mainline, in Lexington County, South Carolina.

10.

A safe and adequate walkway adjacent to railroad tracks is a necessary element of a safe place to work.

11.

A safe and adequate walkway is level so as to provide a railroad worker with secure footing in the conduct of their duties inspecting trains and cars on the tracks.

12.

A safe and adequate walkway will have ballast that does not roll out from under a railroader's feet when he or she is walking on it.

13.

NSRC did not provide a safe and adequate walkway adjacent to railroad tracks for Plaintiff's use on the R line and as a result NSRC failed to provide Plaintiff with a safe place to

work.

14.

The area that was supposed to serve as a walkway on the R line that Plaintiff was required to use was not level so as to provide him with secure footing in the conduct of his duties inspecting trains and cars on the tracks and as a result NSRC failed to provide Plaintiff with a safe place to work.

15.

The area that was supposed to serve as a walkway on the R line that Plaintiff was required had ballast that rolled out from under his feet when he was walking on it in furtherance of Defendant's business and as a result NSRC failed to provide Plaintiff with a safe place to work.

16.

The negligence and wrongful conduct of Defendant and its agents in failing to provide Plaintiff with safe and adequate walkways is a failure to exercise the standard of care imposed by statute and regulation, and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

17.

As a direct result, in whole or in part, of the negligence and wrongful conduct of Defendant and its agents, Plaintiff was caused to suffer severe and permanent bodily injuries including: serious and permanent physical and emotional injury and disability; substantial and continuing pain, suffering, and discomfort; lost wages, both past and future; and incurred medical expenses, both past and future.

18.

In the future, Plaintiff may suffer from: additional physical disability, pain, suffering, and discomfort; additional significant medical expenses; and further lost wages, all of which are the

result of the negligence and failure by Defendant and its agents to provide Plaintiff with a safe place to work.

19.

Defendant is liable to Plaintiff for negligently failing to provide Plaintiff with a safe place to work as a result of failing to have adequate level ballast for Plaintiff to walk upon while doing his work. This created an unsafe workplace for him to work and conduct the duties of his employment, which is a violation of the Federal Employers' Liability Act.

20.

As a direct result, in whole or in part, of Defendant's failure to provide Plaintiff with a safe place to work and safe tools with which to work (i.e., lighting, walkways and ballast), Plaintiff is entitled to an award of: special damages for past and future medical expenses in an amount to be shown at trial; lost wages, both past and future, in an amount to be shown at trial; and general damages, all in an amount to be determined by a jury of Plaintiff's peers.

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against Defendant, and that the following relief be granted:

a) that Plaintiff be awarded his special damages in the amount proved at trial and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiff's peers;

b) that the cost of this action be cast upon Defendant; and

c) that Plaintiff be awarded such other and further relief as the Court deems just and proper.

This 30th day of August, 2022.

*Signature block on next page*

Respectfully submitted,

**LAW OFFICE OF DARYL G. HAWKINS, LLC**

**By:  s/ Daryl G. Hawkins**
       Daryl G. Hawkins

1331 Elmwood Avenue, Suite 305
Columbia, SC 29201-2150
dgh@dghlaw.net
(803) 733-3531 - Office
(803) 744-1949 – Fax
SC Bar # 002844/USDC #01781

**WARSHAUER WOODWARD ATKINS, LLC**
Michael J. Warshauer *(Pro Hac Vice to be filed)*
Georgia Bar No. 018720
Trent Shuping *(Pro Hac Vice to be filed)*
Georgia Bar No. 159083
2740 Bert Adams Road
Atlanta, GA 30339
Phone: 404-892-4900
Facsimile: 404-892-1020
mjw@warlawgroup.com
tss@warlawgroup.com

*Attorneys for Plaintiff Matthew C. Taylor*